UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.               )<br>)<br>RICARDO SELDON        )<br>)<br>        Defendant.    )<br>_____ ) | CRIMINAL NO.  06-318 (ESH) |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

      The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, which is relevant to prove defendant's knowledge and intent, and to prove the absence of any mistake, accident, or inadvertence, pursuant to Federal Rule of Evidence 404(b).  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

**FACTUAL BACKGROUND**

      Defendant is charged in a three-count indictment with Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  On October 25, 2005, at approximately 7:26 p.m., members of the Fourth District Focus Mission Unit of the Metropolitan Police Department executed a D.C. Superior Court search warrant at 714 Oglethorpe Street, N.E., Washington, D.C., which is a three bedroom residence.  During a search of one of the three bedrooms, officers located, underneath a mattress, a clear plastic bag containing several rocks of crack cocaine, and

a Taurus 9mm handgun, which was loaded with fifteen rounds of ammunition. Also seized from the room were a surveillance monitor, which was attached to a video camera that showed the exterior of the front entrance of the residence, numerous pieces of mail addressed to Defendant, court-related documents bearing Defendant's name and address, and $501 U.S. currency. Further, at the time the warrant was executed, two individuals who occupied the residence, who were later identified as Defendant's grandparents, stated to police that the bedroom containing the crack cocaine and firearm belonged to Defendant. The drugs recovered from Defendant's bedroom were later sent to the Drug Enforcement Administration's chemical laboratory for analysis, and the examination revealed that the crack cocaine weighed a total of 26.5 grams.

## OTHER CRIMES BY DEFENDANT

The Government seeks to introduce evidence of Defendant's prior gun and drug possessions. Specifically, on or about July 25, 2005, defendant was convicted in United States District Court for the District of Columbia of Unlawful Possession of a Firearm in a School Zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), Carrying a Pistol Without a License ("CPWL"), in violation of D.C. Code §§ 22-4504(a)(1) (2001 ed.), and Unlawful Possession With Intent to Distribute ("PWID") a Controlled Substance (Cocaine), in violation of D.C. Code § 48-904.01(a)(1), in Criminal Case Number 05-260 (RMC). The evidence from this prior case reflects that on June 28, 2005, members of Metropolitan Police Department observed defendant standing on the corner of Third and Decatur Streets, N.W. Defendant, upon seeing the officers, took off running down Third Street, N.W., turned, then continued running down Delafield Place, N.W. In the 300 block of Delafield Place, police observed defendant pull a handgun from his waistband and throw it underneath a car. While still in pursuit of defendant,

officers observed defendant throw a plastic bag containing crack cocaine to the ground. Both the gun, a Ruger-made 9mm pistol loaded with twelve 9mm rounds, and the drugs were recovered by police. Defendant later admitted that he possessed the drugs with the intent to sell them to others rather than for personal use.

## LEGAL ANALYSIS AND ARGUMENT

This Court should admit evidence of Defendant's other crimes, as described in the case discussed above. Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake, accident, or inadvertence. Fed. R. Evid. 404(b); *see United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." *Id*. at 929. As the Court of Appeals has noted *en banc*, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." *Id*. at 1202. As the Court stated in *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'" (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

Such evidence, like all evidence, is of course subject to the strictures of Rule 403. *Cassell*, 292 F.3d at 793. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and, if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" – even when other crimes evidence is involved. *Moore,* 732 F.2d at 989. *See Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").[1]

In the instant case, the government must prove that Defendant knowingly and intentionally possessed the gun and drugs that were ultimately recovered from his residence. "This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is *not* required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court *neither* weighs credibility *nor* makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." *Id*. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. *Id.*

to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to *possess* them. Red Book, Instruction 4.28. Moreover, the jury will be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it, and that "distribute" means to transfer or attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

"As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, *especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct*." *United States v. Clarke*, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing *Huddleston*, 485 U.S. at 685) (emphasis added in *Clarke*). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, *i.e.*, prior possession to prove knowledge, intent, and absence of mistake, accident, or inadvertence regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in *Crowder*, 141 F.3d at 1202, evidence of the defendant's prior possession of drugs was admitted to show the defendant's knowledge, intent, and motive. The Court in *Crowder* stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" – thus may be a "brick" in the "wall" of evidence needed to prove possession. *See* Fed.R.Evid. 401, advisory committee notes.

*Id.* at 1209 n.5.

Further, in *Cassell*, a case strikingly similar to the instant one, police searched the home of the defendant's uncle, with whom he had been living, and found several firearms, drugs, and cash in defendant's room. 292 F.3d at 790. The defendant was not home at the time, but his uncle was at home. *Id.* Over the defendant's objection, the trial court admitted evidence that the defendant had been convicted several years before of gun possession, as well as evidence that, several weeks prior to the search, police found another gun that fell from the rear bumper of his car while it was being towed. *Id*. In upholding the trial court's decision to admit the defendant's prior possessions, the D.C. Circuit observed that:

> [T]he elements of Cassell's crime included possession, which in turn requires knowledge and intent. A prior history of intentionally possessing guns, or for that matter chattels of any sort, is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.

*Id.* at 794-95. Finally, the Court concluded that evidence of the prior gun possessions "tend[ed] to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake." *Id*. at 796 (citation omitted).

Likewise, the gun and drugs here were found in defendant's bedroom, defendant was not present, and the apartment was occupied by his grandparents, neither of whom were in actual, physical possession of the contraband. Evidence of defendant's prior gun and drug convictions should thus be admitted to prove that defendant's constructive possession was knowing and intentional, and not simply the product of any mistake, accident, or inadvertence; furthermore,

such evidence should be admitted to prove that defendant intended to distribute the drugs to others.

Moreover, in *United States v. Garner*, 396 F.3d 438, 443 (D.C. Cir. 2005), D.C. Circuit reiterated that the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a theory of constructive possession, particularly where "the contraband is discovered in a place occupied by more than one person." (citing *United States v. Jenkins*, 981 F.2d 1283 (D.C. Cir. 1991)). In *Garner*, the officers stopped a vehicle occupied by two individuals. The officers approached the car and ordered its occupants to raise their hands. The driver complied but Garner, the passenger, did not; rather, he sat staring straight ahead and smoking a cigarette, while he kept his left hand in his waistband. *Id.* at 439. At one point, Garner was observed by one officer removing a large handgun from his waistband and placing it under the passenger seat. Both defendants were removed from the vehicle and the car was subsequently searched. Underneath the front passenger seat police found a semi-automatic handgun. *Id.* On the gun were found three latent fingerprints, only one of which was useful, and it was matched to the driver's fingerprint. *Id.* at 439-440. Notwithstanding, Garner, among other offenses, was charged as a felon-in-possession of a firearm. Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the government introduced evidence that Garner previously was found in the front passenger seat of a car with a handgun under his seat and a matching ammunition clip in his jacket. *Id.* at 444. In affirming the trial court's decision to admit evidence concerning Garner's prior conviction for carrying a pistol without a license, the Court of Appeals reasoned that the testimony "made it more likely that Garner was in knowing possession of the loaded gun found beneath his seat[,] just as in

*Crowder*[,] evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while running from police officers." *Id.* (citations omitted).

As the Court found in *Cassell* and *Garner*, evidence of defendant's prior convictions for possession of a gun and drugs is highly probative of his knowing and intentional possession of the gun and drugs in this case, his intent to distribute the drugs, and whether possessing these items was one of mistake, accident, or inadvertence. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case, particularly were the prior possessions occurred so close in time to the instant offense. *See Cassell*, 292 F.2d at 790. Moreover, whatever prejudice the defendant may perceive can adequately be addressed through the use of a limiting instruction to the jury.

Indeed, numerous cases in this Circuit demonstrate that evidence of a prior or subsequent possession of drugs or guns is admissible as 404(b) evidence. *See Cassell*, *supra*, 292 F.3d at 790; *United States v. Toms*, 136 F.3d 176, 183-84 & nn.11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); *United States v. Latney*, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), *cert. denied*, 522 U.S. 940 (1997); *Clarke*, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); *United States v. Washington*, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs,

404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake), *cert. denied*, 507 U.S. 922 (1993); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess drugs), *cert. denied*, 514 U.S. 1041 (1995).

As noted above, the Government here maintains that the defendant constructively possessed the drugs and drug paraphernalia, and the gun and ammunition found in his apartment by police. Because the government is proceeding on a constructive possession theory, *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), does not apply, and Rule 404(b) evidence would be admissible under the *Cassell-Garner* line of cases, discussed *supra*.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

　　　　/s/
By: _____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419

9

## Certificate of Service

      I hereby certify that a copy of the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) was sent by first class mail to counsel of record for the defendant, Harry Tun, Esq., at 400 Fifth Street, N.W., # 300, Washington, D.C. 20001, this 2nd day of April, 2007.

/s/
_____
Donnell W. Turner
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 06-318 (ESH)** |
| | ) | |
| **RICARDO SELDON** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**ORDER**

Upon consideration of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and any opposition thereto, it is this

_____ day of _____, 2007, hereby

**ORDERED** that the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) be and the same is **GRANTED.**

_____
ELLEN S. HUVELLE
United States District Judge

Copies to:

AUSA Donnell W. Turner
Harry Tun, Esquire