UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-318 (ESH) |
| | ) | |
| RICARDO SELDON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS
PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice.

**I.     Background**

Defendant is charged in a three-count indictment with Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). On or about July 25, 2005, defendant was convicted in United States District Court for the District of Columbia of Unlawful Possession of a Firearm in a School Zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), Carrying a Pistol Without a License ("CPWL"), in violation of D.C. Code §§ 22-4504(a)(1) (2001 ed.), and Unlawful Possession With Intent to Distribute ("PWID") a Controlled Substance (Cocaine), in

violation of D.C. Code § 48-904.01(a)(1).  Should defendant choose to testify, the government seeks to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II.     Argument**

Federal Rule of Evidence 609(a)(1) provides that convictions punishable by imprisonment in excess of one year "shall be admitted" to attack the credibility of a defendant in a criminal case, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).  "[A]ll felony convictions less than 10 years old have at least some probative value on the issue of credibility." United States v. Lipscomb, 702 F.2d 1049, 1073 (D.C. Cir. 1983) (en banc);.[1]  Further, "[t]he trial court has discretion to determine, based on the circumstances of each case, whether the probative value of admitting a prior conviction outweighs its prejudicial effect to the defendant, and also has discretion to determine how much information it needs to perform this balancing." Id.

In the instant case, defendant was charged with the aforementioned offenses after police, on October 25, 2005, executed a narcotic search warrant at his home at 714 Oglethorpe St., N.E., Washington, D.C.  From defendant's bedroom, police seized approximately 26.5 grams of crack cocaine and a Taurus brand 9mm semi-automatic pistol from underneath the mattress, about $500 U.S. currency, and a television surveillance monitor, whose camera captured the exterior

---

[1] Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed from that conviction, whichever is the later date. . . . " Fed. R. Evid. 609(b).  Here, because defendant's convictions were in 2005, his convictions may properly be used for impeachment.

front entrance to the residence. Thus, defendant was able to see people approach his residence. The incident occurred about three months after defendant had pled guilty to a criminal information charging him with unlawful possession of a firearm in a school zone, CPWL, and PWID Cocaine. In that case, defendant was observed by police tossing a loaded 9mm semi-automatic pistol and approximately eight grams of crack cocaine to the ground as he tried to run from the police. The convictions that resulted from defendant's previous unlawful conduct should be admitted to impeach, should defendant choose to testify, because defendant's credibility regarding the issue of whether he knowingly and intentionally possessed the drugs and weapon in this instant case will be a central issue. The probative value of his prior convictions, therefore, is quite high. Moreover, his narcotics-related convictions are especially probative in that they are deliberate, planned offenses which require a measure of continuous clandestine behavior to avoid detection by police and evidence a conscious disregard for the law.

    With respect to the prejudice prong, the D.C. Circuit has recognized that, while all impeachments with prior convictions involve some prejudice, the operative question is, "how much?" Lipscomb, 702 F.2d at 1062. In United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980), the defendant, like defendant in the instant case, was charged, inter alia, with distribution of phenmetrazine. 626 F.2d at 943. After taking the stand, he was impeached with evidence that he had been convicted several years before for drug distribution. Id. at 947. The court held that there was no error in admitting evidence of the defendant's prior conviction. Id. at 951. Moreover, as to the fact that the defendant's prior conviction and the offense for which he was on trial were both drug offenses, the Court stated that:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

626 F.2d at 951.

The Lewis Court further noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit." Id. at 950. Moreover, "[i]t is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. Finally, the Court cautioned that "[trial c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accuser to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." Id. In sum, the probative value of defendant's prior convictions to assess his credibility clearly outweighs whatever prejudice there may be to defendant, particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose. Therefore, they should be permitted to be used for impeachment purposes.

WHEREFORE, the Government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes, should he choose to testify.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                United States Attorney
                                Bar No. 498610

                                /s/
By:   _____
                                Donnell W. Turner
                                Assistant United States Attorney
                                Maryland Bar
                                U.S. Attorney's Office
                                555 4th Street, N.W., Rm. 4235
                                Washington, D.C. 20530
                                (202) 305-1419

## Certificate of Service

I hereby certify that a copy of the Government's Notion Regarding Rule 609 Evidence was sent by first class mail to counsel of record for the defendant, Harry Tun, Esq., at 400 Fifth Street, N.W., # 300, Washington, D.C. 20001, this 2nd day of April, 2007.

                                /s/
                                _____
                                Donnell W. Turner
                                Assistant United States Attorney