UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No.: 06-318(ESH) |
| | : Motions Hearing: April 26, 2007 |
| RICARDO SELDON, | : |
| | : |
| Defendant. | : |

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

RICARDO SELDON, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, and Harry Tun, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves to suppress all tangible evidence seized from 714 Oglethorpe Street, N.E., Washington, D.C., which the government proposes to use as evidence against the defendant. As grounds for this request the defendant states as follows:

On October 17, 2005, Investigator Kristen Thorne of the Metropolitan Police Department Fourth District Focus Mission Unit applied for and obtained a Superior Court of the District of Columbia search warrant to search the premises located at 714 Oglethorpe Street, N.E., Washington, D.C. On October 25, 2005, law enforcement officials reported to 714 Oglethorpe Street, N.E, Washington, D.C. to execute the above-noted search warrant. Once law enforcement arrived at the above-noted residence, Jean and William Seldon, the defendant's grandparents, were present and informed law enforcement officials that they owned the residence. They further informed law enforcement that Ricardo Seldon was not in the house.

Law enforcement officials searched Ricardo Seldon's bedroom and allegedly recovered a Taurus nine (9) millimeter handgun (serial number TOB40792), which was loaded with one (1)

round of nine (9) millimeter ammunition in the chamber and fourteen (14) rounds of ammunition in the magazine as well as a clear plastic bag which contained large white rocks. Law enforcement officials allegedly recovered the above-noted items from underneath Mr. Seldon's mattress. In addition to the above-noted items, the officers allegedly recovered a surveillance monitor with a camera to view the front entrance, mail matter, assorted ammunition (.380 caliber and shotgun shells) and five hundred and one ($501.00) dollars. Law enforcement officials searched the basement of the above-noted residence, they recovered a Remington 700, an unloaded fifty (50) caliber Black Powder rifle, an unloaded Fred Baker double barrel twelve (12) gauge shotgun and a small box which contained thirteen (13) white pills with tree emblems was recovered from the windowsill.

Based on the items recovered as a result of the search warrant executed at 714 Oglethorpe Street, N.W., Washington, D.C. a warrant was issued for Ricardo Seldon's arrest. Mr. Seldon was charged with felon in possession of a firearm and possession with intent to distribute cocaine and amphetamines. On or about October 24, 2006, a United States District Court for the District of Columbia grand jury returned a two-count indictment, which charged Mr. Seldon with the following offenses; unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a(1) and 841(b(91)(B)(iii)(count one) and using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. 924(c)(1).[1]

---

[1] The defendant was initially arrested and indicted in case number 05-00593M, that case was eventually dismissed.

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION TO SUPPRESS TANGIBLE EVIDENCE

### I. THE WARRANT'S AFFIDAVIT DOES NOT PROVIDE PROBABLE CAUSE

On October 25, 2005, members of the Metropolitan Police Department Fourth District Focus Mission Unit reported to 714 Oglethorpe Street, N.E., Washington, D.C. and executed a D.C. Superior Court search warrant at the above-noted residence. As a result of the search, law enforcement officials allegedly recovered several weapons, ammunition, cocaine and amphetamines. The facts contained in the affidavit requesting a search of the dwelling does not provide probable cause for issuance of the warrant. Of course, conclusions by an affiant(s) are not facts. Illinois v. Gates, 462 U.S. 213 (1983)("sufficient information must be presented to the Magistrate to allow that official to determine probable cause...his actions cannot be a mere ratification of the bare conclusions of others"). This Court has the duty to review the affidavit to determine if probable cause is contained within its four corners:

> [I]t remains for a reviewing court to decide whether the magistrate performed his neutral and detached function on the facts before him and did not merely serve as a rubber stamp for the conclusions drawn by the police.

United States v. Travisano, 724 F.2d 341, 345 (2nd Cir. 1983).

In the instant case, the probable cause to search the residence was based on the assumption that Mr. Seldon stored narcotics inside of 714 Oglethorpe Street, N.E., Washington, D.C. While Investigator Kristen Thorne's background is exemplary, the assertions and conclusions in support of the affidavit in support of the request for a search warrant does not establish probable cause to search the dwelling:

> While the issuing Magistrate is certainly entitled to consider and credit this specialized knowledge...it does not alone provide probable cause to search. Indeed, where as here, there is nothing to connect the illegal activities with the arrested person's apartment, to issue a warrant

> based solely on the agent's expert opinion would be to license virtually automatic searches of residences of persons arrested for narcotics offenses. This would effectively eviscerate the Fourth Amendment's requirement that there be probable cause to believe that contraband or evidence of a crime will be found in a particular place. Gates, supra, 462 U.S. at 238, 103 S.Ct at 2332 (citations omitted).

United States. v. Gomez, 652 F.Supp. 461, 463 (E.D.N.Y. 1987).

At the time the officers executed the search warrant they knew that the warrant did not provide sufficient facts to establish probable cause. The purpose of the exclusionary rule is to deter unlawful police conduct, and therefore evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, that the search was unconstitutional under the Fourth Amendment, U.S. v. Leon, 468 U.S. 981, 919 (1984).

## II.     THE WARRANT IS A PROHIBITED GENERAL WARRANT

The principal evil which the Framers of the Fourth Amendment aimed to deter was the general search, Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971); Go-Bart Importing Co. v. United States, 282 U.S. 344, 357 (1931). Under the so called "Writs of Assistance", or general warrants, agents of the Crown were free to enter a person's home, ransack it, then read all his papers in search of evidence of any crime. *See*, Stanford v. Texas, 379 U.S. 476, 482 (1965); Boyd v. United States, 116 U.S. 616, 625 (1886). The hallmarks of the general search were the right to rummage at will, and the total discretion to decide what to seize.

It was the historic effort to ban the detested general search that gave the Fourth Amendment its shape. The first clause generally provides "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures". The second clause requires "probable cause for the issuance of warrants...which must particularly describe the place to be searched and the persons and things to be seized".

Under this scheme, general rummaging is prohibited. The particularity requirement serves to place a sharp and unyielding limit on the discretion of the executing officer as to the items to be seized. Coolidge v. New Hampshire, *supra*; Marron v. United States, 275 U.S. 192, 196 (1927)("As to what is to be taken, nothing is left to the discretion of the officer executing the

4

warrant").

In the instant case, particularity was impossible because the affiant had no idea the objects in question would be inside the residence. Though an informant allegedly engaged in a narcotics transaction at 714 Oglethorpe Street, N.E., Washington, D.C. with an individual whom the informant identified as Mr. Seldon, no agent or officer had observed a narcotics transaction or any weapons, paraphernalia or other items inside the residence prior to obtaining the search warrant. There was absolutely nothing known about any narcotics, weapons, paraphernalia or other items being secreted in the dwelling prior to obtaining the search warrant. This warrant is nothing more than a twentieth century Writ of Assistance. If the prohibition against the general warrant is to have any meaning, the evidence seized pursuant to the warrant, and all fruits thereof, must be suppressed. Evidence discovered as a direct result or indirect fruit of the illegal seizure must be suppressed. Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

Wherefore, for the reasons stated, those found in the attached Memorandum, and those which may arise at a hearing on this Motion, which hearing is hereby requested, the defendant moves that this Motion be granted and for such other relief as is just.

Ricardo Seldon
By counsel

Respectfully submitted,

/s/
Billy L. Ponds
The Ponds Law Firm
Bar No.: 379883
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007
(202) 333-2922

/s/
---
Harry Tun
Bar No.: 416262
400 Fifth Street, NW
Suite 300
Washington, D.C. 20001
(202) 393-2882

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the Motion to Suppress Tangible Evidence and the Memorandum of Law In Support of the Motion to Suppress Tangible Evidence was sent via facsimile and first class mail to Donnell W. Turner, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this 18th day of April 2007.

Michelle Anapol


UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| | : | Case No.: 06-318(ESH) |
| v. | : | Motions Hearing: April 26, 2007 |
| | : | |
| RICARDO SELDON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

THIS CAUSE having come before the Court on the Motion to Suppress Tangible Evidence and the Memorandum of Law in Support Thereof, and that motion having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2007,

ORDERED, that the Motion to Suppress Tangible Evidence is hereby GRANTED.

_____
JUDGE

cc:   Billy L. Ponds
      The Ponds Law Firm
      3218 O Street, N.W.
      Suite Two
      Washington, D.C. 20007

      Donnell W. Turner
      Office of the United States Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530