UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No.: 06-318(ESH) |
| v. | : | Motions Hearing: April 26, 2007 |
| | : | |
| RICARDO SELDON, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT USED DURING THE INVESTIGATION AND TO SUPPRESS IDENTIFICATION EVIDENCE

RICARDO SELDON, by and through undersigned counsel, Billy L. Ponds, of

The Ponds Law Firm, and Harry Tun, respectfully requests that the Court order the

government to reveal the identity of the confidential informant used during the

investigation and to suppress the use of any out-of-court and in-court identifications that

the government proposes to use as evidence against the defendant at trial. As grounds

for this request, the defendant states as follows:

On October 17, 2005, Investigator Kristen Thorne of the Metropolitan Police

Department Fourth District Focus Mission Unit applied for and obtained a Superior

Court of the District of Columbia search warrant to search the premises located at 714

Oglethorpe Street, N.E., Washington, D.C. In the affidavit in Support of the Search

Warrant, Investigator Kristen Thorne asserted that she contacted Special Employee 05-

0005 (hereinafter SE05-0005) regarding a citizen complaint about narcotics being sold

from 714 Oglethorpe Street, N.E., Washington, D.C. Based on this information as

reported in the Affidavit in Support of the Search Warrant, Investigator Thorne arranged

for SE05-0005 to make a controlled purchase of narcotics from 714 Oglethorpe Street,

N.E., Washington, D.C.  SE-05-0005 entered the front door of 714 Oglethorpe Street, N.E., Washington, D.C. and shortly thereafter exited the front door of the above-noted residence in possession of a loose white rock substance, which SE05-0005 gave to Investigator Thorne. SE05-0005 informed Investigator Thorne that he purchased a white rock substance from an individual by the name of Ricardo.  The affidavit further alleges that law enforcement conducted surveillance and allegedly observed "heavy pedestrian traffic" into and out of 714 Oglethorpe Street, N.E., Washington, D.C.

On October 25, 2005, law enforcement officials reported to 714 Oglethorpe Street, N.E, Washington, D.C. to execute the afore-mentioned search warrant.  Once law enforcement arrived at the above-noted residence, Jean and William Seldon, the defendant's grandparents, were present and informed law enforcement officials that they owned the residence.  They further informed law enforcement that Ricardo Seldon was not home.

Law enforcement officials searched Ricardo Seldon's bedroom and allegedly recovered a Taurus nine (9) millimeter handgun (serial number TOB40792), which was loaded with one (1) round of nine (9) millimeter ammunition in the chamber and fourteen (14) rounds of ammunition in the magazine as well as a clear plastic bag which contained large white rocks.  Law enforcement officials allegedly recovered the above-noted items from underneath the mattress.  In addition to the above-noted items, the officers allegedly recovered a surveillance monitor with a camera to view the front entrance, mail matter, assorted ammunition (.380 caliber and shotgun shells) and five hundred and one ($501.00) dollars.  Law enforcement officials searched the basement of the above-noted residence, they recovered a Remington 700, an unloaded fifty (50)

caliber Black Powder rifle, an unloaded Fred Baker double barrel twelve (12) gauge shotgun and a small box which contained thirteen (13) white pills with tree emblems was recovered from the windowsill.

Based on the items recovered as a result of the search warrant executed at 714 Oglethorpe Street, N.W., Washington, D.C. a warrant was issued for Ricardo Seldon's arrest. Mr. Seldon was charged with felon in possession of a firearm and possession with intent to distribute cocaine and amphetamines. On or about October 24, 2006, a United States District Court for the District of Columbia grand jury returned a two-count indictment, which charged Mr. Seldon with the following offenses; unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a(1) and 841(b(91)(B)(iii)(count one) and using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. 924(c)(1).

It is patently clear, based on afore-mentioned information, as well as a review of the discovery thus far provided by the government and the nature of the charges demonstrates that during the government's investigation a confidential informant was employed by the government to assist in providing information about Mr. Seldon. Furthermore, the confidential informant is predominantly responsible for the charges lodged against Mr. Seldon.

Revealing the identity of the confidential informant will provide information favorable to the defendant, which is essential to the preparation of the defendant's defense. The defendant requests that the government be ordered to disclose the identity of any and all informant(s) utilized.

The starting point for any discussion in this area, which is referred to as the informer's privilege, is set forth by the Supreme Court in <u>Roviaro v. United States,</u> 353 U.S. 53 (1957). The <u>Roviaro</u> Court noted that this privilege was "the government's privilege to withhold from disclosure the identity of persons who furnish information for violations of law to officers charged with enforcement of that law." 353 U.S. at 59. The underlying basis for the privilege:

> (I)s the furtherance and protection of the public law in effective law enforcement. The privilege recognizes the obligations of citizens to communicate their full knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

353 U.S. at <u>Id</u>.

This privilege, however, is not an absolute one:

> "where the disclosure of the informer's identity or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause the privilege must give way.

353 U.S. at 60, 61. There is no precise and exact rule as to when an exception to the privilege exists. The court, has however, established a formula where in the public interest is balanced against the individual's "right to prepare his defense". 353 U.S. at 62. This formula must be applied on a case-by-case basis. i.e.. <u>McRay v. Illinois,</u> 386 U.S. 300, 311-14 (1967).

In <u>Roviaro,</u> the Court suggested that the approach to be undertaken should focus on "possible defenses (and) the possible significance of the informer's testimony". 353 U.S. at 62. The evidence supplied by the informers in the present case could well be a vital part of the government's overall prosecution of Ricardo Seldon.

The circumstances of this case, and the facts surrounding Mr. Seldon's alleged

4

participation and knowledge are highly relevant and of vital importance to the defense. The desirability of calling any informant as a witness for the defense, or at least interviewing him/her in preparation for trial, is a matter for Mr. Seldon rather than the Government to decide.  United States v. Roviaro,  at 64.

In conclusion, the defendant requests that the Government disclose the identity of the confidential informant used during the investigation.

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. Manson v. Braithwaite, 432 U.S. 98, 107 (1977); see Simmons v United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967).  "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson, 432 U.S. at 114.  When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.  Neil v. Biggers., 409 U.S. 188, 199-200 (1972).

After an unduly suggestive out-of-court identification, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification made by the witness rests on a source independent of the tainted pretrial identification.  See,

United States v. Wade, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification will almost always be inadmissible.

In this case, the government contends that SE05-0005 identified Mr. Seldon as the individual who sold him narcotics from 714 Oglethorpe Street, N.E., Washington, D.C. Furthermore, law enforcement officials contend that Mr. Seldon is known as a result of prior arrests, court documents and from identification allegedly recovered form his bedroom. Mr. Seldon does not know the specific circumstances surrounding the alleged identification made by the SE05-0005 or any law enforcement officials, nor does he know the substance of any conversations surrounding any identification, or what SE05-0005 or any officer said when making his/her identification. Nor does Mr. Seldon have information about whether and/or what description(s) the officer provided before he was positively identified.

In this case, what little is known already suggests that unnecessarily suggestive identification procedures were used to identify the defendant giving rise to a "substantial likelihood of irreparable misidentification." See, Manson, 432 U.S. at 107. The defense has limited information about the circumstances of the identification at this time except what has been provided in the discovery materials from the government. Accordingly, the defendant requests that at an evidentiary hearing be conducted in this matter in order to develop the record more fully.

Ricardo Seldon
By counsel

6

Respectfully submitted,

_____
Billy L. Ponds
The Ponds Law Firm
Bar No.: 379883
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007
(202) 333-2922


_____
Harry Tun
Bar No.: 416262
400 Fifth Street, NW
Suite 300
Washington, D.C. 20001
(202) 393-2882

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the Motion to Reveal the Identity of the Confidential Informant and the Motion to Suppress Identification Evidence was sent via facsimile and first class mail to Donnell W. Turner, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this _18th_ day of April 2007.


_____
Michelle Anapol

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :

    :

    :   **Case No.: 06-318(ESH)**

v.     :   **Motions Hearing: April 26, 2007**

    :

**RICARDO SELDON,**     :

    :

         **Defendant.**     :

===================================

## ORDER

THIS CAUSE having come before the Court on the Defendant's Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and the Motion to Suppress Identification Evidence, and those Motions having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2007,

ORDERED, that the Motion to Reveal the Identity of the Confidential Informant Used During the Investigation is hereby GRANTED,

AND IT IS FURTHER ORDERED, that the Motion to Suppress Identification Evidence is hereby GRANTED.

_____
JUDGE

cc:     Billy L. Ponds
        The Ponds Law Firm
        3218 O Street, N.W.
        Suite Two
        Washington, D.C. 20007

        Harry Tun
        400 Fifth Street, NW
        Suite 300
        Washington, DC 20001

Donnell W. Turner
Office of the United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530