UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Case No.: 06-318(ESH) |
| v. | : Motions Hearing: April 26, 2007 |
| | : |
| RICARDO SELDON, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

RICARDO SELDON, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, and Harry Tun, respectfully submits the Defendant's Opposition to the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), opposes the government's introduction of prior crimes evidence and moves this Honorable Court, pursuant to Federal Rules of Evidence 403 and 404(b), and to the defendant's rights to fundamental fairness and to a fair trial embodied in the Fifth and Sixth Amendments to the United States Constitution, for an order precluding the government from using evidence of prior convictions at the defendant's trial in this case. In support thereof, the defendant states as follows:

On October 17, 2005, Investigator Kristen Thorne of the Metropolitan Police Department Fourth District Focus Mission Unit applied for and obtained a Superior Court of the District of Columbia search warrant to search the premises located at 714 Oglethorpe Street, N.E., Washington, D.C. On October 25, 2005, law enforcement officials reported to 714 Oglethorpe Street, N.E, Washington, D.C. to execute the above-noted search warrant. Once law enforcement arrived at the above-noted residence, Jean

and William E. Seldon, the defendant's grandparents, were present and informed law enforcement officials that they owned the residence. They further informed law enforcement that Ricardo Seldon was not home.

Law enforcement officials searched Ricardo Seldon's bedroom and allegedly recovered a Taurus nine (9) millimeter handgun (serial number TOB40792), which was loaded with one (1) round of nine (9) millimeter ammunition in the chamber and fourteen (14) rounds of ammunition in the magazine as well as a clear plastic bag which contained large white rocks. Law enforcement officials allegedly recovered the above-noted items from underneath the mattress. In addition to the above-noted items, the officers allegedly recovered a surveillance monitor with a camera to view the front entrance, mail matter, assorted ammunition (.380 caliber and shotgun shells) and five hundred and one ($501.00) dollars. Law enforcement officials searched the basement of the above-noted residence, they recovered a Remington 700, an unloaded fifty (50) caliber Black Powder rifle, an unloaded Fred Baker double barrel twelve (12) gauge shotgun and a small box which contained thirteen (13) white pills with tree emblems was recovered from the windowsill.

Based on the items recovered as a result of the search warrant executed at 714 Oglethorpe Street, N.W., Washington, D.C. a warrant was issued for Ricardo Seldon's arrest. Mr. Seldon was charged with felon in possession of a firearm and possession with intent to distribute cocaine and amphetamines. On or about October 24, 2006, a United States District Court for the District of Columbia grand jury returned a two-count indictment, which charged Mr. Seldon with the following offenses; unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B)(iii)(count one) and using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. 924(c)(1).[1]

In its motion, the government seeks to introduce the defendant's convictions in this court for unlawful possession of a firearm in a school zone in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), carrying a pistol without a license in violation of 22 D.C. Code §§ 22-4504(a)(1)(2001 ed.) and unlawful possession with intent to distribute a controlled substance (cocaine) in violation of D.C. Code § 48-904.01(a)(1) in case number 05-260(RMC)(government's opposition at p.2). The government asserts that on June 28, 2005, Mr. Seldon, who was standing on the corner of Third and Decatur Streets, N.W, Washington, D.C. and ran from the area when he observed the police. The government alleges that Mr. Seldon ran towards the 300 block of Delafield Place, N.W., Washington, D.C. and the police observed him remove a gun from his waistband and throw it underneath a car. The police also allegedly observed him throw a plastic bag of crack cocaine to the ground. The officers recovered a nine (9) millimeter Ruger pistol as well as a quantity of drugs. The government asserts that the defendant admitted that he possessed the drugs with the intent to sell them and that they were not for his personal use (government's opposition at P.2).

## ARGUMENT

Federal Rule of Evidence 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b).

---

[1] The defendant was initially arrested and indicted in case number 05-00593M, that case was eventually dismissed.

It is axiomatic that before evidence of other bad acts by an accused may be admitted it must be deemed both "relevant to an actual issue in the case, and its probative value must not be outweighed by its unfair prejudice to the defendant." *United States v. Vaughn*, 601 F.2d 42, 45 (2d Cir. 1979). See also *United States v. Mothershed*, 859 F.2d 585, 588 (8th Cir. 1988)(reversing conviction for trial court's failure to exclude similar act evidence and acknowledging that "admission of prior bad acts under Fed. R. Evid. 404(b) requires that the evidence be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged") (footnote omitted); *United States v. Foskey*, 636 F. 2d 517, 523 (D.C. Cir. 1980)("Despite the inherently damaging nature of bad acts evidence, it may be admissible to show a material issue in the case such as motive, opportunity, intent, identity, or absence of mistake or accident"); *United States v. Manafzadeh*, 592 F.2d 81, 86 (2d Cir. 1979)(reversing conviction for erroneous admission of other crimes evidence and stating that "other-crime evidence may not be received unless it is relevant to an actual issue in the case and unless its probative value on that issue is not outweighed by its unfair prejudice to the defendant").

In Mr. Seldon's case, the government has not met any prerequisite required by the above decisions. The sole reason that the government seeks to introduce evidence of Mr. Seldon's prior convictions is for the improper purpose of suggesting that if he were convicted of other crimes, then he is, more likely than not, guilty of the instant offense. Therefore, the government is attempting to introduce evidence of a prior gun and narcotics charge to establish that the defendant has a propensity to commit such crimes.

The Fifth Circuit, in *United States v. Yeagin*, found that introducing evidence of the accused's prior drug conviction was improper because it "provided direct support for the one inference specifically forbidden by rule 404(b): that because [the accused] had committed a prior drug crime in the past, he had a bad character and a propensity to commit such crimes again." 927 F.2d 798, 803 (5th Cir. 1991). In *Yeagin*, the court rejected the government's "enigmatic" argument that the prior incidents were relevant to the accused's knowledge or state of mind and characterized the government's arguments that such evidence was necessary to refute the accused's defense of mere presence as "disingenuous." 927 F.2d at 802. Similarly, this Court should reject the government's request to introduce any of Mr. Seldon's prior conviction as totally nonbearing on his instant offense, and highly prejudicial.

There is nothing about Mr. Seldon's prior conviction that can lead the Court to conclude that he was a part, or formed any part of a plan, or design related to possession with intent to distribute cocaine or a firearm. The only explanation the government can produce for its intention to introduce this evidence must be to prejudice Mr. Seldon. *United States v. James*, 555 F.2d 992 (D.C. cir. 1977)(evidence of other crimes is not admissible "to show that, having once fallen into sin, a second slip is more likely. Only one condition is imposed on the proponent of such evidence: 'its probative virtues must outweigh its prejudicial proclivities' in order to satisfy the stricture of Rule 403") (citations omitted). In *United States v. Daniels*, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's criminal record. Although deciding a severance issue, in language relevant here, the D.C. Circuit explained that the exclusion of bad acts evidence is founded not on a belief that

the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations... Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice"' ...

770 F.2d at 116 (citations omitted).

The Court in *Daniels* also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities . . . and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'"). Thus, even an instruction to the jury about the limited use for which the prior convictions might be introduced would not suffice to cure the prejudice and, therefore, the government should not be allowed to introduce evidence of this conviction.

The defendant respectfully requests that this Court schedule a hearing to make a pretrial determination of the motion so that counsel can adequately prepare for trial.

WHEREFORE, for the foregoing reasons, those which may appear in supplemental pleadings, which Mr. Seldon explicitly reserves the right to file, any which appear at the requested hearing on this matter, and any others this Court deems just and

proper, Mr. Seldon respectfully requests that the government be precluded from introducing evidence of his prior conviction at his trial.

        Ricardo Seldon
        By Counsel

        Respectfully submitted,

        /s/
        Billy L. Ponds
        The Ponds Law Firm
        Bar No. 379883
        3218 O Street, N.W
        Suite Two
        Washington, D.C. 20007
        (202) 333-2922

        /s/
        Harry Tun
        Bar No.: 416262
        400 Fifth Street, NW
        Suite 300
        Washington, D.C. 20001
        (202) 393-2882

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Defendant's Opposition to the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) was sent via facsimile and first class mail to Donnell W. Turner, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on the 10th day of April, 2007.

        Michelle Anapol

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Case No.: 06-318(ESH) |
| v. | : Motions Hearing: April 26, 2007 |
| | : |
| RICARDO SELDON, | : |
| | : |
| Defendant. | : |

## ORDER

THIS CAUSE having come before the Court on the Defendant's Opposition to the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and that opposition having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2007,

ORDERED, that the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), is hereby DENIED,

AND IT IS FURTHER ORDERED, that the government is precluded from using the defendant's conduct and conviction in case number 05-260 at the trial in this case.

_____
JUDGE

cc:  Billy L. Ponds
     The Ponds Law Firm
     3218 O Street, N.W.
     Suite Two
     Washington, D.C. 20007

Harry Tun
400 Fifth Street, NW
Suite 300
Washington, DC 20001

Donnell W. Turner
Office of the United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530