UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 06-318 (ESH) |
| | : | Motions Hearing: May 4, 2007 |
| RICARDO SELDON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL DISCLOSURE OF IDENTITY OF CONFIDENTIAL
INFORMANT AND TO SUPPRESS IDENTIFICATION EVIDENCE**

The United States of America (hereinafter "United States" or "Government"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant's Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and to Suppress Identification Evidence (hereinafter "Defendant's Motion"). In support of this opposition motion, the Government relies on the following points and authorities, and such other points and authorities as may be cited at any hearing on this matter.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is charged by indictment with one count of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). These charges are based upon evidence recovered from the execution of a search warrant at defendant's residence at 714 Oglethorpe Street, N.E., Washington, D.C., on October 25, 2005.

On October 17, 2005, just over a week prior to the execution of the search warrant, Metropolitan Police Department ("MPD") Officer Kristen Thorne submitted a sworn affidavit in support of an application for a search warrant to search the entire premises of 714 Oglethorpe Street, N.E. In her affidavit, Officer Thorn stated that she had contacted a confidential informant ("CI") "[i]n the past seventy-two hours regarding a citizen complaint about narcotics being sold from within 714 Oglethorpe Street, [N.E.]" See Affidavit in Support of an Application for Search Warrant (hereinafter "Affidavit"), at ¶ 2 (Attachment A). The affidavit further stated that the CI had provided reliable information in the past "resulting in the arrest of numerous individuals for felony and misdemeanor narcotics offenses"; had provided information which has "resulted in the seizure of crack cocaine, heroin, and firearms"; and had never provided inaccurate information to police. Id. at ¶ 3. In addition, the affidavit indicated that in the officer's experience, those who distribute narcotics "frequently maintain on their premises . . . their narcotics, paraphernalia for packaging, [and] proceeds from narcotics sales." Id.

The affidavit further reported that Officer Thorne met with the CI and arranged for the CI to make a controlled purchase of drugs from within 714 Oglethorpe Street, N.E. Id. at ¶ 3. Prior to the buy, a thorough search of the CI was conducted for the location of any drugs or money, with negative results. Id. The CI was then given a sum of MPD pre-recorded funds to use to make the purchase. Id. Officer Thorne and another officer then watched as the CI walked towards the residence and eventually went inside. Id. The CI did not come in contact with anyone before the CI reached the residence and went inside. Id. Within just a short time, the CI exited the residence and walked directly to Officer Thorne, without coming in contact with anyone else. Id. Once the CI returned, it handed Officer Thorne a loose rock of suspected crack

cocaine, which later field-tested positive for the presence of cocaine.  Id.  The CI was again searched for any contraband, which again produced negative results.  Id.  The CI then related to Officer Thorne that it was met by an individual known to it as "Ricardo" at the front door of the residence.  Id.  The CI was then permitted to enter the residence and once inside it handed "Ricardo" the pre-recorded MPD funds in exchange for the crack.  Id.

The affidavit also reported that a short time after the controlled buy took place, Officer Thorne set up nighttime surveillance outside of 714 Oglethorpe Street, N.E.  Id. at ¶ 4.  During the surveillance, Officer Thorne observed heavy pedestrian traffic going in and out of the residence.  Id.  Further, given these observations, the controlled buy that took place a short time before between the CI and "Ricardo" inside the residence, and her past narcotics investigative experience, Officer Thorne concluded that there were illegal narcotics, namely cocaine, stored within the residence.  Id.

A judge of the Superior Court of the District of Columbia issued a search warrant on October 17, 2005, finding probable cause to believe that there were narcotics inside 714 Oglethorpe Street, N.E.  On October 25, 2005, officers of MPD executed the warrant, seizing among other things a 9mm handgun, approximately 25 grams of crack cocaine, a video monitor which was wired to a surveillance camera that displayed the front of the residence, and mail matter and a driver's license belonging to defendant.  All of these items were located in defendant's bedroom.[1]  Defendant was eventually charged with and indicted for offenses based

---

[1] This information was corroborated by defendant's grandparents, who were home at the time the search warrant was executed.  Defendant was not at home at the time the warrant was executed but turned himself in to police several days later.

solely upon the evidence recovered by police during the search of his residence pursuant to the warrant on October 25, 2005.

Defendant now moves the Court to compel disclosure of the identity of the Government's confidential informant. According to defendant, "[r]evealing the identity of the confidential informant will provide information favorable to the defendant, which is essential to the preparation of the defendant's defense." See Defendant's Motion to Disclose, at 3. In addition, defendant moves to suppress any pre-trial identifications utilized by police in this case, as well as any in-court identifications that relate to the out-of-court identifications. Defendant's entire motion is without merit and therefore should be denied.

## II. ARGUMENT

A.    Disclosure of the Informant's Identity

The determination of whether the disclosure of an informant's identity to a defendant is warranted requires courts to balance the protection of the public's interest in effective law enforcement and the informant's protection against the defendant's right to prepare a defense. Roviaro v. United States, 353 U.S. 53, 59-62 (1957); United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994); United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971). Accordingly, defendants seeking disclosure of an informant's identity "face a heavy burden . . . to establish that the identity of an informant is necessary to the defense." Warren, 42 F.3d at 654 (citation and internal quotation marks omitted). Moreover, "[m]ere speculation that the informer might possibly be of some assistance is not sufficient to meet this burden." United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996) (citing Skeens, 449 F.2d at 1070; internal quotation marks omitted). Thus, "[i]n order to overcome the public interest in the protection of the informer, the

defendant is obligated to show that the informer <u>was an actual participant in or a witness to the offense charged</u>[.]" <u>Id.</u> (citing <u>Skeens</u>, 449 F.2d at 1070-71; emphasis added); <u>see also</u> <u>United States v. Gaston</u>, 357 F.3d 77, 84 (D.C. Cir. 2004) ("[W]e have required, as a prerequisite to disclosure, that the informant have had some sort of direct connection, either as a participant or an eyewitness, to the crime charged. . . .").

In <u>Skeens</u>, <u>supra</u>, 449 F.2d at 1066, the issue was whether a defendant charged with armed robbery had the right to learn the identity of an informant who three weeks after the crime provided officers with, among other things, information about the whereabouts of the shotgun involved and details of the robbery. The D.C. Circuit refused to require disclosure because "nothing in th[e] record establishe[d] that the informant was a participant, an eyewitness, or a person who was otherwise in a position to give direct testimony concerning the crime." <u>Id.</u> at 1070.

In <u>Warren</u>, <u>supra</u>, 42 F.3d at 647, a case with facts virtually identical to the instant case, a defendant was charged with possession of cocaine with intent to distribute, as a result of a search warrant that was executed at his apartment. The affidavit in support of the application for the search warrant described that a reliable confidential informant was aware that drugs recently had been stored and sold at the apartment and that a controlled buy was conducted in which the informant entered the apartment building with police funds and emerged a short time later with a rock of crack cocaine. <u>Id.</u> At 650. Also according to the affidavit, the informant stated to police that he had purchased the substance from the apartment where the defendant lived. <u>Id.</u> A warrant was subsequently issued and a search of the apartment resulted in the seizure of evidence for which the defendant was eventually charged. <u>Id.</u> at 650-51. The confidential informant was

not present during the search and he played no further role in the defendant's arrest than to provide information that led to the issuance of the warrant. Id. at 654. The D.C. Circuit, while recognizing that the informant's testimony "might have been helpful to [the defendant], particularly since the informant was the sole witness besides [the defendant] to the controlled drug buy," nevertheless held that the district court properly refused to disclose the informant's identity. U.S. v. Gaston, 357 F.3d 77, 85 (D.C. Cir. 2004) (citing Warren, 42 F.2d at 654; internal quotation marks omitted). The Court concluded that disclosure was not required because "[the defendant's] need for the informant's identity failed to outweigh the Government's interest in preserving a reliable confidential informant." Warren, 42 F.3d at 654. The Court continued its reasoning:

> First, as was the case in Skeens, here nothing in this record establishes that the informant was a participant, an eyewitness, or a person who was otherwise in a position to give direct testimony concerning the crime. <u>All of the criminal offenses for which [the defendant] was charged arose from the September 12, 1989, search of the apartment where he was arrested. The informant was not present during that search. Instead, as in other cases where we have affirmed decisions to withhold a confidential informant's identity, the informant's role was limited to providing the information that justified issuance of the search warrant.</u>

Id. (citation and internal quotation marks omitted; emphasis added).

Finally, in Gaston, supra, 357 F.3d at 77, the defendant, as in Warren and the instant case, was charged with possession of illegal drugs, as well as use of a firearm in relation to the drug offense, upon information provided by an informant which led to the issuance of a search warrant. Further, similar to Warren and this case, the offenses charged in the indictment occurred not when the informant made his observations, but at the time of the search, when the

6

illicit items were recovered.  Id. at 85.  Thus, like in Warren, the Gaston Court held that "because the informant neither participated in nor witnessed the offenses, the district court properly denied the disclosure motion."  Id.

As the facts in this case make clear, the case is virtually indistinguishable from Warren and Gaston.  As in those cases, the CI here was neither an actual participant nor a witness to the offenses with which defendant was charged and later indicted.  The CI was not present when the search of the premises took place.  In addition, the government's case here rests solely upon the narcotics and firearm found in the defendant's bedroom on October 25, 2005, and "not upon any transaction or interaction [that occurred] between [] defendant and [the CI beforehand]."  United States v. Jefferson, 593 F. Supp. 85, 89 (D.D.C. 1984).  Also like those cases, the CI's role here was merely to provide information that justified the issuance of the search warrant.  See Warren, 42 F.3d at 654 (affirming refusal to require informant's appearance where "informant merely furnished information which was the basis for a search warrant"); Gaston, 357 F.3d at 84-85 (same);  United States v. Whitmore, 480 F.2d 1154, 1155 (D.C. Cir. 1973) (same); United States v. James, 466 F.2d 475, 477 (D.C. Cir. 1972) (same).  Under these circumstances, the CI need not be identified since there is nothing here to suggest that the CI "was in a position to give direct testimony concerning the crime."  Warren, 42 F.3d at 654 (citing Skeens, 449 F.2d at 1070).

Moreover, defendant's motion to disclose should be denied because his assertion that the CI's testimony "will provide information favorable to the defendant" is but mere speculation.  In Skeens, the defendant had argued that the identity of the informant, who had provided information to the government about the source and whereabouts of a shotgun involved in the robbery three weeks after it had occurred, was necessary because he "seemed to have

[knowledge] of the operation," and "it is likely that he knows a great deal more than has been revealed." 449 F.2d at 1070.  The Court concluded that the defendant's intimations were no more than speculation which were "not sufficient to meet the heavy burden which rests on any accused to establish that the identity of an informant is necessary to his defense." Id.  Likewise, defendant here fails to state with any particularity at all how the CI's testimony "will provide information favorable to [him]."  Indeed, we are left only to wonder what information the CI could provide that was favorable to defendant, particularly given that the CI had reported that he had purchased drugs from "Ricardo" inside defendant's residence.  Thus, defendant has clearly failed to meet his burden of showing that the identity of the CI "is necessary to [his] defense." Warren, 42 F.3d at 654.  In summary, because the CI was neither a participant in or witness to the criminal transaction, and because defendant's assertion explaining his need for the CI's testimony is speculative at best, his motion to disclose the CI's identity must be denied.

B.     Suppression of Identification Evidence

Defendant moreover argues that any pre-trial identification procedures utilized in this case should be suppressed because they were "unnecessarily suggestive," and therefore give rise "to a substantial likelihood of irreparable misidentification." Defendant's Motion, at 6.  As a result, defendant asserts, any in-court identification procedures related to the objectionable out-of-court procedures should be suppressed. Id. at 5-6.  This argument too should be rejected.  First, the government is not aware of any extra-judicial procedure undertaken by police in this case.  Therefore, there is no identification evidence for defendant to suppress.  Second, to be sure, defendant is charged with possession with intent to distribute narcotics and possessing and using a firearm in relation to drug trafficking for conduct which took place on October 25, 2005.

In order to establish defendant's guilt, the government must prove that on that day, (1) defendant possessed the drugs, (2) that he did so knowingly and intentionally, and (3) that he possessed the drugs with the specific intent to distribute them. See District of Columbia Criminal Jury Instructions (4th ed.), Instruction 4.29.[2] As such, the government will not offer any direct evidence that defendant actually possessed drugs on that occasion. Rather, to prove its case, the government only intends to call witnesses who will tie defendant to the drugs and gun that were recovered from his bedroom on October 25, 2005. And, because defendant was not present when the search of his residence took place, the government intends to establish such proof circumstantially, through defendant's connection with the bedroom, which, at least in part, is evidenced by mail matter and an identification found in the room. Finally, the government will not seek to call upon the CI to testify or to introduce any evidence relating to the CI, as the charges do not relate to any interaction that took place between defendant and the CI. Therefore, even if an out-of-court identification procedure had taken place regarding the CI, because such evidence would not be introduced by the government, defendant's attempt to preclude it is moot.

---

[2] With regard to the firearms offense, the government must prove that defendant knowingly and intentionally possessed the 9mm handgun, and that such possession was in relation to drug trafficking.

WHEREFORE, for each of the reasons set forth above, defendant's motion is without merit and therefore should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
United States Attorney
Bar No. 498610

By: _____/s/_____
DONNELL W. TURNER (Maryland Bar)
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419
(202) 514-6010 (fax)

CERTIFICATE OF SERVICE

     I hereby certify that on this 27th day of April, 2007, a true and correct copy of the above and foregoing UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANT AND TO SUPPRESS IDENTIFICATION EVIDENCE was served by First Class Mail, postage pre-paid, upon Harry Tun, Esquire, at 400 5th Street, N.W., Suite 300, Washington, D.C. 20001.

                              /s/
                              _____
                              Donnell W. Turner
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. 06-318 (ESH) |
| | : | Motions Hearing: May 4, 2007 |
| **RICARDO SELDON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Upon consideration of Defendant Seldon's Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and to Suppress Identification Evidence, the Opposition of the United States to said Motion, and the entire record herein, the Court is of the opinion and finds that Defendant's Motion is without merit and should be denied. It is, therefore, this _____ day of _____, 200___,

**ORDERED** that Defendant Seldon's Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and to Suppress Identification Evidence be, and it hereby is, **DENIED.**

_____
ELLEN S. HUVELLE
United States District Judge

Copies to:

Harry Tun, Esquire
Billy Ponds, Esquire
AUSA Donnell W. Turner