# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-0318 (ESH) |
| | ) | |
| RICARDO SELDON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On February 24, 2010, the Court granted in part and denied in part defendant Ricardo Seldon's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. (Order, Feb. 24, 2010 [dkt. #38].) Before the Court is defendant's motion for reconsideration. (Mot. for Reconsideration, Feb. 28, 2010 [dkt. #39].) For the reasons stated herein, that motion will be denied.

## BACKGROUND

Defendant was convicted of unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(B)(iii). (Judgment at 1, June 28, 2007 [dkt. #31].) Under the applicable Sentencing Guidelines, defendant's total offense level was 27 and his sentencing range was 78 to 97 months imprisonment, with a statutory minimum of 60 months imprisonment. The Court sentenced defendant to a 94-month term of imprisonment, 60 months to be served consecutively and 34 months to be served concurrently to the sentence he was already serving in *United States v. Seldon*, No. 05-cr-0260 (D.D.C.). (*Id.* at 2.)

Effective November 1, 2007, the United States Sentencing Commission amended the Sentencing Guidelines to provide for a two-level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). That amendment was made retroactive on March 17, 2008. U.S.S.G. App. C, Amend. 713 (Supp. 2008).

On January 19, 2010, defendant filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence based on the amendment. (Def.'s Mot. to Reduce Sentence, Jan. 19, 2010 [dkt. #33].) Under the revised Guidelines, defendant has a total offense level of 25 and a sentencing range of 63-78 months. Defendant's motion asked the Court to reduce his sentence of imprisonment from 94 to 75 months (again 3 months less than the high end of the sentencing range), but also to reduce the amount of the sentence to be served consecutively from 60 months to 48 months, on the ground that "a 19 month reduction in his sentence is a 20% reduction - the 60 months consecutive would be the equivalent of 48 months consecutive." (*Id.* at 2). The government did not oppose the reduction of defendant's sentence from 94 to 75 months, but did oppose any alteration in the time to be served consecutively on the ground that such a change would "impermissibly revisit[] other sentencing issues and exceed[] the limited nature of an 18 U.S.C. § 3582(c) proceeding." (Gov't's Resp. to Def.'s Mot. to Reduce Sentence, Feb. 16, 2010 [dkt. #36].) Agreeing with the government that it could not revisit other sentencing issues in a § 3582(c) proceeding, the Court reduced defendant's sentence to 75 months imprisonment, but kept the requirement that 60 months be served consecutively to the sentence in Criminal Action No. 05-0260. (Order, Feb. 24, 2010 [dkt. #37].)

On February 28, 2010, defendant filed the pending motion, asking the Court to reconsider its decision to keep the requirement that 60 of the 75 months be served consecutively and,

2

instead, reduce the consecutive portion to 41 months. (Def.'s Mot. for Reconsideration, Feb. 28, 2010 [dkt. #39].) Defendant now accepts that under 18 U.S.C. § 3582(c)[1] and U.S.S.G. § 1B1.10,[2] "the Court is only authorized to reduce the term of imprisonment imposed and not other components of the sentencing order." (Def.'s Mot. for Reconsideration at 2.) But he now argues that the only way to comply with this limitation is to impose a sentence where the number of months running concurrently is the same as the original sentence – *i.e.,* 34 months. In support of his position, defendant relies on the language of 18 U.S.C. § 3584, specifically the fact that in a case where multiple terms of imprisonment are imposed at different times, as in the present case,

---

[1]Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

[2]Section 1B1.10 of the Sentencing Guidelines provides, *inter alia*, that "proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Rather,

> [i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. *In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b)(1) (emphasis added).

the terms "run consecutively unless the court orders that the terms are to run concurrently." *Id.* § 3584(a). Accordingly, defendant argues, "the statement by the Court in the June 26, 2007 judgment and commitment that 60 months were to run consecutuively was meaningless" and "[w]hat had meaning was that 34 months of the sentence was to be served concurrent with the sentence in 05-cr-260." (Def.'s Mot. for Reconsideration at 2.)

Defendant's argument is creative, but not persuasive. It is apparent from the record that the original sentence's structure was based on the Court's desire to ensure that 60 months – the mandatory statutory minimum – be served consecutively to the sentence defendant was already serving and that the remainder of the sentence – whatever that might be – be served concurrently. It is not within the Court's authority to revisit that decision now. *See*, *e.g.*, *United States v. Dunn*, Criminal Action No. 91-243-01, slip op. at 4 (D.D.C., Nov. 12, 2009).

Accordingly, it is hereby

**ORDERED** that defendant's motion for reconsideration [dkt. #39] is **DENIED**; it is further

**ORDERED** that defendant's motion for leave to proceed on appeal in forma pauperis is **GRANTED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 21, 2010

4